IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHYSICIANS INSURANCE RISK
RETENTION GROUP, INC.,

     Plaintiff,

v.                                   1:25-cv-00536-DHU-DLM

TAOS HEALTH SYSTEMS, INC.,
dba HOLY CROSS HOSPITAL,

     Defendants.

## OPINION AND ORDER

This matter comes before the Court on Defendant Taos Health Systems, Inc.'s Motion to Dismiss or Stay. Doc. 4. Taos Health seeks dismissal of Plaintiff Physicians Insurance Risk Retention Group, Inc.'s (PIRRG) Complaint for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court held a hearing on this matter on Tuesday, February 17, 2026. After considering the parties' briefing and oral arguments, as well as the relevant and applicable law, the Court granted Defendant's motion in a ruling from the bench. This Order memorializes the Court's reasoning as stated on the record.

## I.
## BACKGROUND

On June 5, 2025, PIRRG filed a Complaint, seeking a declaration from this Court that it does not owe a duty to defend or indemnify its insured, Taos Health, in an underlying medical malpractice action brought in New Mexico state court. Doc. 1. On July 10, 2025, Taos Health moved to dismiss or stay the Complaint. Doc. 4. As grounds for its motion, Taos Health made two arguments. First, that the Complaint should be dismissed under Federal Rule of Civil

Procedure 12(b)(7) for failure to join a required party under Rule 19. Second, that the Court should decline to exercise jurisdiction under the discretionary factors outlined by the Tenth Circuit in *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994). On August 14, 2025, PIRRG responded in opposition to the motion. Doc. 15. PIRRG asserted that the Court should deny Defendant's motion to dismiss because Taos Health has not met its burden under Rule 19. *Id.* at 1. Additionally, PIRRG argues that the *Mhoon* factors weigh in favor of this Court exercising jurisdiction. *Id.* at 2. On August 28, 2025, Taos Health submitted a Reply in support of its Motion. Doc. 16. On February 17, 2026, the Court heard oral argument from both parties. For the reasons stated on the record and memorialized in this Order, the Court granted Defendant's Motion and dismissed the case without prejudice.

## II.
## LEGAL STANDARDS

### A. Dismissal Under Rule 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a court to dismiss a claim for failure to join an indispensable party under Federal Rule of Civil Procedure 19. According to the Tenth Circuit, failure to join a party under Rule 19 warrants dismissal when: 1) the absent party is necessary; 2) joinder is not feasible, and; 3) the action cannot in "equity and good conscience" continue in the party's absence. *See Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

### B. Exercising Jurisdiction under the *Mhoon* Factors

Even where a federal court otherwise has jurisdiction under the Federal Declaratory Judgments Act, it is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins.*

*Co. of Am.*, 316 U.S. 491, 494 (1942) (internal citation omitted). The Tenth Circuit requires that courts consider the following five factors when deciding whether to hear a declaratory action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (quoting *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir. 1987)).

## III.
## DISCUSSION

**A.  The Court finds that the *Mhoon* factors weigh against exercising jurisdiction.**

Both parties argue that the factors outlined in *Mhoon* weigh in favor of their respective positions. After weighing the *Mhoon* factors against the facts of this case, the Court declines to exercise jurisdiction because it finds that the issues raised in this action would be better resolved by the state court.

1.  The First and Second *Mhoon* Factors

The first two *Mhoon* factors ask: 1) whether a declaratory action would settle the controversy, and 2) whether it would serve a useful purpose in clarifying the legal relations at issue. These two factors are generally considered together because "the inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue is designed to shed light on the overall question of whether the controversy would be better settled in state court." *See United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002).

In *Mhoon*, the Tenth Circuit suggested that including the insurer in the underlying action "obviate[es] any need for an independent declaratory action[.]" 31 F.3d at 984. In this case, the Court finds that the first and second *Mhoon* factors weigh in favor of declining jurisdiction. PIRRG has been joined in the state action, and the pleadings in that action allege facts relevant to the duty to defend and indemnify. Under these circumstances, a separate declaratory action is not required to determine coverage, and the Court believes that the state action will provide a simpler and more efficient resolution of the issues raised here.

2. The Third *Mhoon* Factor

The third *Mhoon* factor asks whether the plaintiff is engaging in procedural fencing. This factor weighs against exercising jurisdiction "when the timing of the federal claim suggests that its main purpose is to delay the state court action or receive a favorable judgment on an issue before the state court has a chance to fully develop the facts." *W. Am. Ins. Co. v. Atyani*, 338 F.Supp.3d 1227, 1233 (D.N.M. 2018).

Taos Health alleges that PIRRG brought this action in the hopes of finding a favorable verdict in federal court, but it is within PIRRG's rights to seek judgment under the Declaratory Judgment Act. *See W. Cas. & Surety Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968). Absent more evidence, the Court cannot say that the timing of this action indicates that PIRRG has engaged in procedural fencing. Accordingly, the Court finds that this factor weighs neither for nor against exercising jurisdiction.

3. The Fourth and Fifth *Mhoon* Factors

The fourth *Mhoon* factor examines whether use of a declaratory action would increase friction between the federal and state courts or improperly encroach upon state jurisdiction. The fifth factor looks to whether there is an alternative remedy that is better or more effective.

4

Together these factors ask, "whether a declaratory judgment in federal court would prevent the state court from determining the same issue or lead to friction between two conflicting resolutions of the same dispute." *Atyani*, 338 F. Supp. 3d at 1232.

In New Mexico, "a determination of whether an exclusion relieves an insurer from a duty to defend must be made in the primary lawsuit, and not in an action for declaratory judgment, because it is a factual question." *Lopez v. N.M. Pub. Schs. Auth.*, 117 N.M. 207, 210 (1994). When analyzing the *Mhoon* factors, at least one other court in this district has recognized New Mexico's preference for resolving coverage issues in the underlying state action. *See Nautilus Ins. Co. v. Tierra Blanca Ranch*, 2015 WL 11643517, at *4 (D.N.M. Sept. 29, 2015) (Armijo, J.) (stating, "the resolution of the Third Party Complaint in the underlying action is in accord with the New Mexico Supreme Court's preference for having insurance coverage issues resolved by the court hearing the underlying case.").

The fourth and fifth *Mhoon* factors may support federal resolution of a claim that is pending in state court when the insurer is not and cannot be made a party to the state action. *Atyani*, 338 F. Supp. 3d at 1233. In this case, PIRRG both can and *has* been made a party to the underlying medical malpractice suit. Considering this fact, in addition to the preference expressed by the New Mexico Supreme Court to have coverage issues decided by the court hearing the underlying case, the Court finds that the fourth and fifth *Mhoon* factors weigh against exercising jurisdiction.

**B.  The Court does not reach Defendant's 12(b)(7) argument.**

The Court finds that the *Mhoon* factors weigh against exercising jurisdiction in favor of the state proceedings and therefore need not make a determination as to Defendant's 12(b)(7) argument at this time.

## IV.
## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Taos Health System's Motion to Dismiss (Doc. 4) is **GRANTED** and Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

6